**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

(1) OSCAR GUILLÉN ARAUZ, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

v.

(1) TRUIST BANK d/b/a SHEFFIELD FINANCIAL and (2) MATT'S ATV & OFFROAD,

Defendants.

Case No.: 26-cv-00371-MTS

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

**CLASS ACTION**

Plaintiff Oscar Guillén Arauz ("Plaintiff" or "Plaintiff Guillén Arauz"), individually and on behalf of all others similarly situated, makes the following allegations, based on information and belief, against Defendants Truist Bank d/b/a Sheffield Financial[1] and Matt's ATV & Offroad (together, "Defendants").

## INTRODUCTION

1. Defendants follow a policy of denying full access to credit products, including loans, to applicants who are not U.S. citizens or Lawful Permanent Residents.

2. Plaintiff Guillén Arauz and members of the Class he seeks to represent were and are unable to access Defendants' credit products without unequal conditions imposed upon them on the basis of their alienage or lack of U.S. citizenship. Plaintiff brings this case against Defendants for unlawful discrimination on the basis of alienage in violation of the Civil Rights Act of 1866, as codified at 42 U.S.C. § 1981 ("Section 1981").

[1] Plaintiff has amended his complaint to substitute Defendant Truist Bank d/b/a Sheffield Financial in place of Defendant Truist Financial Corporation d/b/a Sheffield Financial.

3. Defendants' violations have inflicted harm on Plaintiff, and the Class he seeks to represent, including but not limited to, by providing limited access to credit products, by providing unfavorable terms and conditions, and by causing emotional distress.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331.

5. This Court may issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2022.

6. Venue is proper in the Northern District of Oklahoma under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

**Plaintiff**

7. Plaintiff Oscar Guillén Arauz is a resident of Tulsa, Oklahoma and has lived in the United States since 2002. He arrived in the United States from San Pedro Sula, Honduras when he was less than three years old. He earned a bachelor's degree in Asian studies from Furman University in 2022 and works as a Naturalization Program Fellow.

8. Plaintiff Guillén Arauz has been a DACA recipient since 2017. As part of the DACA initiative, Plaintiff Guillén Arauz received authorization to work in the United States and a social security number. Plaintiff Guillén Arauz resided in Tulsa, Oklahoma on the date that he applied for a motorcycle loan from Defendants and was unlawfully denied.

9. Defendants subjected Plaintiff and members of the Class that he seeks to represent to discrimination in violation of federal law as described in this Complaint.

/ / /

/ / /

**Defendants**

10. In 2019, BB&T merged with SunTrust to form Truist Bank ("Truist"). Truist acquired Sheffield Financial ("Sheffield") in 1997.

11. Truist maintains a business and mailing address at 214 North Tryon Street, Charlotte, North Carolina 28202.

12. Sheffield offers financial products and services related to outdoor equipment and vehicles, including financing and credit products.

13. Matt's ATV & Offroad ("Matt's ATV") is a locally owned and operated business located at 8804 East 41st Street, Tulsa, Oklahoma 74145.

14. Matt's ATV sells outdoor equipment and parts, and offers service and repairs of outdoor equipment and vehicles, including ATVs and motorcycles.

## STATEMENT OF FACTS

15. On June 20, 2024, Plaintiff Guillén Arauz applied for a loan from Sheffield through Matt's ATV to purchase a motorcycle. He was denied the loan. Following the denial, Plaintiff Guillén Arauz attempted to apply for a loan through Tulsa-based WeStreet Credit Union, but it was unable to provide loan terms that day, so Plaintiff Guillén Arauz used his personal credit card to purchase the motorcycle.

16. On June 20, 2024, Sheffield sent an Adverse Action Notice to Plaintiff Guillén Arauz, informing him that his request for a loan was denied. The Notice provided that Sheffield refused to offer the loan to Plaintiff Guillén Arauz because of "[u]nable to verify your identity" and further indicated that it could only offer credit "[w]ith acceptable proof of identity." The Notice also indicated that Plaintiff Guillén Arauz had a credit score of 772 when he was denied.

17. After receiving the Notice, Plaintiff Guillén Arauz asked Matt's ATV why he was denied a loan. The sales representative told him that loan applicants must be either a U.S. citizen or a lawful permanent resident to receive any loan.

18. On February 4, 2026, Sheffield sent a letter stating that it had received Plaintiff Guillén Arauz's Consumer Financial Protection Bureau complaint (reference #260124-28149101) but it was unable to locate his application ("Sheffield Financial searched our records and Sheffield was unable to find an application with the information provided in your complaint.").

19. Sheffield requested that Plaintiff Guillén Arauz contact Sheffield and provide his social security number to potentially resolve his administrative complaint.

20. On February 18, 2026, Plaintiff Guillén Arauz had a phone conversation with a Sheffield representative, who was in contact with loan officers from Sheffield's Loan Processing Department. The representative informed Plaintiff Guillén Arauz that the loan officers advised her that applicants must be either U.S. citizens or lawful permanent residents to receive any loans.

21. The representative was unable to find Plaintiff Guillén Arauz's loan application and informed him that Sheffield's system only allows viewing applications within the past six months past.

22. The representative also could not provide confirmation of the information discussed over the phone because there was no application in their system even though Sheffield had a copy of Plaintiff Guillén Arauz's Adverse Action Notice.

23. Plaintiff Guillén Arauz suffered harm as a result of Defendants' denial of his loan application on the basis of his alienage. This denial caused Plaintiff Guillén Arauz to feel the deleterious effects of discrimination and to suffer harm, including actual damages, emotional distress, and other negative effects.

24. Defendants' denial of Plaintiff Guillén Arauz's loan application because of their limited and arbitrary alienage requirement violates 42 U.S.C. § 1981.

25. There is an actual and substantial controversy between Plaintiff and Defendants.

**CLASS-ACTION ALLEGATIONS**

26. Plaintiff incorporates by reference the allegations raised in preceding paragraphs.

27. Plaintiff brings this action on behalf of himself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure as a nationwide class.

28. Plaintiff Guillén Arauz seeks to represent the following Class, composed of, and defined, as follows:

> All persons who resided in the United States at the relevant time they applied for or attempted to apply for a credit or loan product from one or more Defendants but were denied full and equal consideration by one or more Defendants on the basis of their alienage or lack of U.S. citizenship.

29. Plaintiff Guillén Arauz may amend the above class definition as permitted or required by this Court. This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

30. The potential members of the Class as defined are so numerous that joinder would be impracticable.

31. The Class is an ascertainable group that, on information and belief, consists of at least dozens of individuals.

32. With discovery, the size of the Class will be ascertainable. The names and addresses of potential Class Members are available to Defendants.

33. Notice can be provided to the potential Class Members via first-class mail using techniques and a form of notice similar to those customarily used in class-action lawsuits.

**Rule 23(a)(2) – Common Questions of Law and Fact**

34. There are questions of law and fact common to the Class that predominate over any questions affecting only Plaintiff Guillén Arauz or any other individual Class Members. These common questions of law and fact include, without limitation:

a. Whether it is Defendants' policy or practice to reject applicants for credit or loan products on the basis of alienage;

b. Whether Defendants violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff Guillén Arauz, and the Class on the basis of alienage;

c. Whether Plaintiff Guillén Arauz and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

d. Whether Plaintiff Guillén Arauz and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

35. Plaintiff Guillén Arauz's claims are typical of the claims of the Class. Plaintiff Guillén Arauz and all Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct and common policies in violation of Federal law, regulations, and statute as alleged here.

36. Plaintiff Guillén Arauz's claims are representative of and co-existent with the claims of Class Members.

**Rule 23(a)(4) – Adequacy of Representation**

37. Plaintiff Guillén Arauz will fairly and adequately represent and protect the interests of Class Members. Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.

38. Plaintiff Guillén Arauz has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

39. Class certification is appropriate because Defendants have acted and/or refused to act on grounds generally applicable to members of the Class. Defendants' actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff Guillén Arauz and Class Members as a whole.

40. Defendants exclude Class Members outright from credit or loan products and services on the basis of alienage. Class Members are entitled to declaratory, equitable, and injunctive relief to end Defendants' common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

41. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each Class Member has been injured and is entitled to recovery by reason of Defendants' unlawful policies and practices of discriminating on the basis of alienage and of denying full and equal access to Defendants' services.

42. No other litigation concerning this controversy has been commenced by or against Class Members.

43. Class-action treatment will allow similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case.

44. Plaintiff Guillén Arauz and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable policies and practices in the relevant period.

45. Plaintiff Guillén Arauz is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## CLAIM FOR RELIEF
**Alienage Discrimination**
**(42 U.S.C. § 1981)**

46. Plaintiff Guillén Arauz incorporates by reference the allegations raised in preceding paragraphs.

47. Plaintiff Guillén Arauz brings this claim on his own behalf and on behalf of the Class.

48. Plaintiff Guillén Arauz and Class Members are persons within the jurisdiction of the United States.

49. Plaintiff Guillén Arauz and Class Members are not U.S. citizens.

50. Plaintiff Guillén Arauz and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

51. Defendants conduct business in the United States and are obligated to comply with the provisions of 42 U.S.C. § 1981.

52. Defendants intentionally discriminated against Plaintiff Guillén Arauz and members of the Class on the basis of alienage by denying them access to full review of their applications for credit or loan products.

53. Defendants intentionally discriminated against Plaintiff Guillén Arauz and members of the Class by interfering with their right to make and enforce contracts for credit or loan products on the basis of alienage.

54. Plaintiff Guillén Arauz and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here. Plaintiff Guillén Arauz and Class Members demand damages, and request that the Court issue a permanent injunction ordering Defendants to alter their policies and practices to prevent future discrimination on the basis of an applicant's alienage and to prevent further violations of 42 U.S.C. § 1981.

55. Plaintiff Guillén Arauz and Class Members are now suffering, and will continue to suffer irreparable injury from Defendants' discriminatory acts and omissions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Guillén Arauz and the Class he seeks to represent respectfully request the following relief:

i. Certification of the case as a class action on behalf of the proposed Class;

ii. Designation of Plaintiff as the class representative on behalf of the Class;

iii. Designation of Plaintiff's counsel of record as Class Counsel;

iv. Declaratory judgment that Defendants' policies and practices set forth here are unlawful and violate 42 U.S.C. § 1981;

v. Preliminary and permanent injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth here and described in preceding paragraphs;

vi. Award of compensatory damages to Plaintiff and Class Members in an amount to be determined at trial;

vii. Costs incurred, including reasonable attorneys' fees and costs to the extent allowable by law;

viii. Pre-judgment and post-judgment interest, as provided by law; and

ix. For such other and further relief as this Court deems just and proper.

Dated: September 11, 2026

Respectfully submitted,

*/s/ Marvin Lizama*
Marvin Lizama (Oklahoma Bar. No. 21266)
**Lizama Law, PLLC**
907 S. Detroit Avenue, Suite 1330
Tulsa, OK 74120
918-850-2048
marvin@lizamalaw.com

*/s/ Luis L. Lozada*
Thomas A. Saenz (California Bar No. 159430)^
Luis L. Lozada (California Bar No. 344357)^
**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
634 South Spring Street, 11th floor
Los Angeles, CA 90014
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
llozada@maldef.org

*Attorneys for Plaintiff and the Proposed Class*

^*Admitted Pro Hac Vice*